| | |
|---|---|
| DINAH TAYLOR, | Case No. 2:18-cv-02210-JCM-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| WALMART STORES, INC.; FACILITY PRO, INC.; DOES 1 through X, inclusive; and ROE CORPORATIONS 1 through V, inclusive, | |
| Defendants. | |

Before the Court is Defendant Wal-Mart Stores, Inc.'s ("Walmart") Motion for Determination of Good Faith Settlement (ECF No. 27), and Motion to Submit Settlement Amount Under Seal (ECF No. 28). Co-Defendant Facility Pro, Inc. ("Facility Pro") submitted a Non-Opposition (ECF No. 34) to Defendant Walmart's Motion for Determination of Good Faith Settlement. The Court finds the following.

## I.    BACKGROUND

After slipping and falling on Walmart's premises, Plaintiff Dinah Taylor filed her Complaint alleging a negligence claim against Defendants in the Eighth Judicial District Court of Clark County, District of Nevada. ECF No. 1-1. Defendant Walmart removed the action to the United States District Court for the District of Nevada. ECF No. 1. After a good faith, arms-length negotiation, Defendant Walmart asserts that it and Plaintiff resolved their dispute as to Plaintiff's claims against Walmart only. ECF No. 27 at 2:3–4. Accordingly, "Defendant Walmart requests that this Court dismiss any and all claims and foreclose on any potential future cross-claims that could be brought against Walmart by determining, pursuant to NRS §17.245, that the settlement was made in good faith." *Id*. at 2:4–6. To that end, Defendant Walmart "respectfully requests that the Court file the settlement amount between Plaintiff and Walmart under seal based on the confidential nature of the settlement agreement between the parties." ECF No. 28 at 1:20–22.

## II.     MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT

Pursuant to NRS 17.245, "any joint tortfeasor in a multi-defendant tort action may obtain protection from claims of contribution and implied indemnity by settling with the tort claimant in good faith." *The Doctors Co. v. Vincent*, 98 P.3d 681, 683 (Nev. 2004).  District courts in Nevada assess the following factors when determining whether a settlement is made in good faith pursuant to NRS 17.245: "[t]he amount paid in settlement, the allocation of the settlement proceeds among plaintiffs, the insurance policy limits of settling defendants, the financial condition of settling defendants and the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *In re MGM Grand Hotel Fire Litigation*, 570 F. Supp. 913, 927 (D. Nev. 1983).  A settling defendant has the burden of proving that the settlement was in good faith. *Vincent*, 98 P.3d at 690.

The Court finds Defendant Walmart has met its burden of proving that the settlement with Plaintiff was in good faith.  "Plaintiff and Walmart . . . were able to reach a settlement in the amount of ▮▮▮▮▮▮ on September 13, 2019 including a confidentiality and indemnification clause."  ECF No. 32 ¶ 4.  The Court finds this settlement amount was stipulated to in good faith given Walmart's limited involvement in the incident, Walmart's anticipated liability in the matter, and Facility Pro's contract to indemnify Walmart in this action.  Further, as Walmart notes, "Walmart is self-insured and capable of paying out this settlement.  Moreover, Plaintiff is well aware of Walmart's financial position and Plaintiff voluntarily agreed to settle this matter at the amount agreed upon by both parties."  ECF No. 27 at 3:28–4:2.  Accordingly, Walmart's insurance policy limits and financial condition are immaterial to the case at bar.  Finally, no collusion, fraud, or tortious conduct aimed to injure Co-Defendant Facility Pro exist, as evidenced by Facility Pro's filing of its Non-Opposition to Walmart's Motion for Determination of Good Faith Settlement.  The Court therefore finds that the ▮▮▮▮▮ settlement amount is sufficient to support a finding of Defendant Walmart's good faith.

## III.     MOTION TO SUBMIT SETTLEMENT AMOUNT UNDER SEAL

United States District Court for the District of Nevada, Local Rule 10-5(b) states that a party seeking to submit documents under seal must file a motion for leave to do so, and must demonstrate there is reason to overcome the strong presumption in favor of access and public policies favoring

disclosures. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "[I]f the court decides to seal … records [attached to dispositive motions], it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179. In contrast, to justify the sealing of documents attached to non-dispositive motions, only a particularized showing of good cause is required. *Id.* at 1180. A dispositive motion is identified as one of the following: a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. 28 U.S.C. § 636(b)(1)(A). A motion for good faith settlement determination is not a dispositive motion and, therefore, Defendant Walmart must only make a particularized showing of good cause to file the settlement amount between it and Plaintiff under seal. *Kamakana*, 447 F.3d at 1180.

The Court finds that good cause exists to maintain the confidentiality of the settlement amount. Plaintiff and Defendant Walmart stipulated to a resolution of this matter under which terms the two parties agreed to keep confidential the contents of the settlement agreement, including the settlement amount. In fact, the United States District Court for the District of Nevada has previously held "that the confidentiality of the Settlement Agreement outweighs the public's right to access" when "the parties reached a settlement and signed the Settlement Agreement in reliance on the condition that the terms of the Settlement Agreement would remain confidential." *United Rentals, Inc. v. Ahern Rentals, Inc.*, No. 2:12-cv-01876-JCM-VCF, 2012 WL 5418355, *1 (D. Nev. Nov. 2, 2012). Similarly, Walmart's interest in maintaining the confidentiality of the settlement outweighs the public's interest in knowing the specific settlement amount. Further, Walmart's request to submit the settlement amount under seal is "'narrowly tailored' to remove from the public sphere only the material that warrants secrecy." *Blain v. Titanium Metals Corp.*, No. 2:18-cv-00462-APG-NJK, 2019 WL 1207929, *1 (D. Nev. Mar. 14, 2019) (internal citation omitted).

Accordingly, the Court grants Defendant Walmart's Motion to Submit Settlement Amount Under Seal (ECF No. 28) and further files an unredacted version of this the instant Order under seal. The Court will cause a copy of this Order redacting the settlement amount to be filed publicly.

**IV.    CONCLUSION**

IT IS HEREBY ORDERED that Defendant Walmart's Motions for Determination of Good Faith Settlement (ECF No. 27) and to Submit Settlement Amount Under Seal (ECF No. 28) are GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the **unredacted** Order under seal.

IT IS FURTHER ORDERED that the Clerk of Court shall file a **redacted** copy of this Order, attached as an exhibit, as a public record.

DATED this 21st day of October, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE